(39 Misc. Rep. 339.)

COTHREN et al. v. CHAFFEE.

(Supreme Court, Appellate Term. November, 1902.)

1. MUNICIPAL COURT—APPEAL—SETTLEMENT OF CASE.

A justice of the municipal court of the city of New York had no authority to settle a case appealed therefrom prior to September 1, 1902, when Laws 1902, c. 580, went into effect, and therefore amendments to his return could be obtained only under Code Civ. Proc. § 3055, by a motion for an amended return.

2. SAME—RESETTLEMENT.

Where defendant appealed in February, 1902, from a judgment of a municipal court rendered against him in January, 1902, and procured a case on appeal to be settled by the trial justice, and moved for resettlement or a new trial, as there was no authority for the settlement prior to September 1, 1902, no appeal could lie from it to the appellate term from an order of the municipal court denying a resettlement.

3. SAME—NEW TRIAL.

A motion for a new trial under Consolidated Act, § 1367, as amended by Laws 1896, c. 748, must be made within five days after entry of the judgment in the municipal court.

Appeal from municipal court, borough of Manhattan, Tenth district.

Action by Frank H. Cothren and others against George M. Chaffee. Judgment for plaintiffs, and defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and BLANCHARD, JJ.

Clarke & Clarke, for appellant.

Edgar Gilman Pratt, for respondents.

FREEDMAN, P. J. This action was tried on January 24, 1902. On January 28, 1902, judgment was rendered in favor of the plaintiffs against the defendant. On February 5, 1902, the defendant appealed from the judgment. Subsequently, and before the return herein was made, the stenographer who took the evidence upon the trial died, without transcribing his minutes of such evidence. Thereafter the appellant herein made and served a proposed case on appeal, containing the testimony and objections and exceptions taken during the trial. Amendments thereto were proposed by the respondents, and the proposed case and amendments were submitted to and settled by the trial judge. At the time the appellant offered the proposed case for settlement he had the notes of the deceased stenographer taken at the trial in his possession. Whether he had then caused them to be transcribed does not appear. Subsequently, however, and after the case had been settled, he procured one Bridges to transcribe the notes, and his (Bridges') interpretation of them differing apparently from the settled case, the appellant made Bridges' version of the testimony a basis of his motion aforesaid for a resettlement of the case or a new trial. This case comes under the provisions of the statutes in force prior to the passage of chapter 580 of the Laws of 1902, and until that act went into effect there was no provision for the settlement of a case by a justice of the municipal court upon appeal. Amendments sought to be made to a justice's return (which return was required to contain the evidence taken on the trial [section 3053, Code Civ. Proc.]), could only be obtained by a motion for an amended return under section 3055, Code Civ. Proc. If, for any reason, the justice could not make a return, the case on appeal was to be determined by the provisions of section 3056, Code Civ. Proc. It will be seen, therefore, that the appellant herein sought his own mode of procedure in the lower court, in order to have the return upon appeal contain the testimony taken at the trial, and, as appears by the return of the justice, for he states that "the following is the testimony taken upon the trial of this case as agreed upon by the attorneys for the respective parties," which statement is corroborated by admissions contained in the appellant's brief on this appeal, after preparing a case, and amendments thereto were submitted, agreed that the trial judge should settle the same, which was done pursuant to such agreement. So far as the appellant's motion for a resettlement of the case on appeal is concerned, he has no warrant, either in equity, law, or practice. His motion for a new trial is equally untenable. A motion to vacate, set aside, or modify a judgment must be made within five days after its rendition. Consolidated Act, § 1367, as amended by Laws 1896, c. 748.

The order appealed from is affirmed, with costs.

MacLEAN and BLANCHARD, JJ., concur.

Order affirmed, with costs.