Levene v. Hahner, 62 App. Div. 195, 70 N. Y. Supp. 913. Section 332 of the act (Laws 1902, p. 1585, c. 580) provides:

"Where an action is removed as provided in section 3 of this act, costs shall be allowed as if it had been commenced in the court to which it is removed."

"The allowance of costs to one party against the other is wholly statutory, and is dependent upon the statute existing at the time the right to costs under it accrued. Supervisors v. Briggs, 3 Denio, 173. There is no vested right to unrecovered costs, and there is no want of legislative power to impose or deny costs in actions, or to impair the force, during their pendency, of any statute on the subject of costs." Munson v. Curtis, 43 Hun, 216. See, also, Levene v. Hahner, supra. Section 332 of the Municipal Court act was evidently intended by the Legislature to supply the omission relative to costs that theretofore existed in cases of removal, and is general in its scope. Unless it therefore clearly appears that it was not intended to apply to cases removed from the Municipal Court prior to, and still undetermined on, September 1, 1902, it must be held that the right to costs must be determined by the law existing at the time the right to costs accrues, in all cases. Section 3 of the Municipal Court act, referred to in section 332, relates to the proceedings requisite in the removal of an action from the Municipal Court. The provisions of section 3 are substantially the same as those of section 1366 of the Greater New York charter (Laws 1897, p. 487, c. 378), which was in force in October, 1901, when this action was commenced, and which is continued in the amended charter (Laws 1901, p. 581, c. 466, § 1366), which took effect January 1, 1902. Section 362 of the Municipal Court act (Laws 1902, p. 1594, c. 580) provides:

"The provisions of this act, so far as they are substantially the same as those of laws existing prior to September 1, 1902, shall be construed as a continuation of such laws, modified or amended, according to the language employed in this act, and not as a new enactment."

It is therefore apparent that section 3 of the Municipal Court act must be construed as a continuation of the law as it existed prior to September 1, 1902, and not as a new enactment. It follows that the action was "removed as provided in section 3" of the Municipal Court act, and that costs should here be "allowed the same as if the action had been commenced in the court to which it is removed," as provided in section 332 of the act.

Order reversed, with $10 costs and disbursements to the appellant, and costs of the action allowed as originally taxed by the clerk. All concur.

---

(40 Misc. Rep. 239.)

### COOLEY v. PENNSYLVANIA R. CO.

(Supreme Court, Appellate Term. March, 1903.)

1. MUNICIPAL COURT—APPEAL—PAYMENT OF COSTS.
    Where an action was begun in the Municipal Court of the city of New York before September 1, 1902, when the Municipal Court act went into effect, but issue was not joined until after such date, it is no objection to an appeal that appellant did not, on filing his notice of appeal with the clerk, pay him his fee for a return and costs of the action, as provided

by Code Civ. Proc. § 3047; as the Municipal Court act (Laws 1902, p. 1486, c. 580) governs such appeal, and does not require such payment.

**2. APPEAL—WAIVER OF DEFECTS.**
Any defect in appellant's procedure on appeal is waived by service by respondents of amendments to the case.

**3. CARRIERS—DELAY OF PASSENGER—DAMAGES.**
Where a lawyer is detained by a railroad wreck, he can recover of the carrier merely the value of his time during the delay, based on the average of what he had earned for at least a year preceding the time of the occurrence, where he had not notified the carrier of the special circumstances making it necessary for him to arrive on schedule time.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Elmer E. Cooley against the Pennsylvania Railroad Company. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GIEGERICH and GILDERSLEEVE, JJ.

Robinson, Biddle & Ward (A. Leo Everett, of counsel), for appellant.

Francis B. Elgas, for respondent.

GIEGERICH, J. This action was brought to recover damages claimed by the reason of delay in transporting the plaintiff as a passenger on defendant's railroad.

On the argument of the appeal, respondent's counsel stated that the costs and fees had not been deposited with the clerk upon the filing of a notice of appeal, as required by section 3047 of the Code of Civil Procedure, and therefore that the appeal should be dismissed. We think this objection was not well taken. The summons had been issued prior to September 1, 1902, issue was not joined until the 2d day of September, 1902, and the case was not tried until the 26th day of that month. It is true that section 361 of the Municipal Court act (Laws 1902, p. 1594, c. 580) has a saving clause providing that actions commenced before the 1st of September, 1902, may be prosecuted in the same manner as before, yet it has been expressly held in this court (Kochman v. Hefter, 81 N. Y. Supp. 691) that, in actions removed from the Municipal Court to the City Court and tried after that date, costs should be allowed as if the action had been commenced in the court to which it was removed, as provided in section 361 of the act before referred to, although, under the provision of the Code, no costs were provided for in such cases. If the Municipal Court act is effective in imposing costs in such cases where none had been provided for, it surely ought to be effective to relieve from costs where that had been provided for, especially where when the law went into effect there were no costs of any kind as against either party.

In Langbein's Municipal Court Practice (5th Ed.) 404, it is said that:

"The provision in section 3047 as to the payment of the costs of the action included in the judgment has been omitted. In section 317 [Laws 1902, p. 1580, c. 580] it is assumed that it is not omitted, for that section provides that within thirty days after the service of the notice of appeal, 'and the payment of the "costs" and fees as prescribed in this act,' the clerk of the court must make the return, but there is no provision 'prescribed in this act' for the payment of the 'cost' or costs. Section 347, subd. 3, p. 1590, entitled,

'Fees payable to clerks,' provides that 'For a return on appeal from a judgment or order two dollars shall be paid to the clerk as court fees,' and that is the only provision to be found 'prescribed in this act' to comply with section 317."

Moreover, the respondent served amendments to the case on appeal, which could only be done under the provisions of the Municipal Court act, for it was not provided for by the Code of Civil Procedure (Cothren v. Chaffee, 39 Misc. Rep. 339, 79 N. Y. Supp. 841), and by this act we think he waived the objections and ratified the procedure of the appellant. We therefore think the appeal is regularly before us for adjudication.

The facts in the case are practically undisputed, and, as far as material, are as follows: On or about the 10th day of December, 1899, the plaintiff, in the city of New York, purchased a ticket to Philadelphia and return. On his return he left Philadelphia on the 7:33 o'clock a. m. train, December 11th, which was due in New York at 9:30 o'clock a. m., as appeared by the time-tables published by the defendant. At the time when he started there had been a wreck upon the line of defendant's road, of which the plaintiff was not informed. Owing to the wreck, the train did not reach New York until half-past 3 o'clock in the afternoon. In the meanwhile, a case in which he was attorney for the plaintiff had been called in the City Court of the city of New York at 10 o'clock in the morning, and, owing to his failure to appear, the case had been dismissed, although he had telegraphed to his own office and to the judge before whom the case was to be tried that he could not be there on time. The plaintiff, having his return ticket, did not have to purchase one, and before starting from Philadelphia he did not disclose to any servant or officer of the defendant his profession or the nature of his business on that day. He testified that he told the conductor when on the train at Trenton that he had a court engagement, but at that time it was impossible for him to be transported to New York in time to be present at the call of the City Court calendar. The fact that there was a delay of several hours called upon the defendant to show, if it could, that such delay was the result of inevitable accident or that it was excusable. This it did not do, and therefore the question for us to determine is, what measure of damages should have been applied to the case?

It is well established that, in order to hold the carrier for damages beyond those which accrue upon his negligent delay naturally and in the order of things, he must be informed of the special circumstances which make promptness on his part important to the passenger, and which may occasion exceptional damages as the result of his delay—in other words, that both parties to the contract must be fully informed as to the circumstances and the reasons why it is important to the passenger to arrive at on or about the schedule time. De Leon v. McKernan, 25 Misc. Rep. 182, 54 N. Y. Supp. 167; Hadley v. Baxendale, 9 Exch. 341; North American Transportation & Trading Co. v. Morrison, 178 U. S. 262, 20 Sup. Ct. 869, 44 L. Ed. 1061; Booth v. Spuyten Duyvil Rolling Mill Co., 60 N. Y. 487; Hutchinson on Carriers, § 773, p. 920. This rule would exclude the $20 paid by the plaintiff to open the default, even if the plaintiff were liable for the

same; but an attorney is not liable for costs in such a case, and, if he chose to pay them, it was a voluntary act on his part.

In our opinion, the only damages which can be recovered in this case are compensatory, merely, and such as would naturally and in the order of things flow from the delay; and these, under the facts presented in this case, would be the value of his time for the period covered by the delay, which is to be measured, not by the largest sums he has earned for such time, nor by the smallest, but by an average of what he has earned for at least a year immediately preceding the time of the occurrence. Walker v. Erie R. Co., 63 Barb. 260. Now, as to such value, the only evidence in the case is the following testimony given by the plaintiff:

"Q. What were your services reasonably worth for the time? A. Depending on the kind of case it is—from $50 to $100 a day. Q. Do you consider $75 a reasonable compensation a day? A. I do."

This clearly does not have reference to the plaintiff's average earnings for any given period of time, but is a mere estimate of what he might have charged under certain circumstances, "depending on the kind of case" he might have had, and is not a sufficient basis for determining the value of such time. We therefore think the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment reversed and new trial ordered, with costs to appellant to abide event.

FREEDMAN, P. J., concurs. GILDERSLEEVE, J., takes no part.